UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROYAL JEROME WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. ORTEGA, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-0314 AC P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motions for counsel (ECF No. 9), discovery (ECF No. 13), and a temporary restraining order (ECF No. 19).

　　I.　　Application to Proceed In Forma Pauperis

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 8. Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

Before the original complaint was screened, plaintiff filed a first amended complaint. ECF No. 7. Because an amended complaint supersedes the original, the court will screen the first amended complaint.

The complaint alleges that defendants Ortega, Valine, Assad, Thorell, Mendoza, Avila, Lopez, Calderon, and Williamson violated plaintiff's rights under the Eighth Amendment. ECF No. 7. Plaintiff alleges that on February 26, 2020, Ortega, Valine, Assad, and Thorell assaulted him while Mendoza, Avila, Lopez, Calderon, and Williamson watched. Id. at 5-7, 9, 11, 13, 15, 18, 20. Plaintiff also identifies nurses Stella, Stein, Dolcini, Wheeler, and Barajas as defendants; he later states that he is not suing them and "would like to avoid [them] from the lawsuit." Id. at 3, 17.

Plaintiff's allegations are sufficient to state claims for excessive force against Ortega, Valine, Assad, and Thorell, see Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)), and failure to protect against Mendoza, Avila, Lopez, Calderon, and Williamson, see Farmer v. Brennan, 511 U.S. 825, 834 (1994) (Eighth Amendment violated where prison official is deliberately indifferent to

serious risk of harm). These defendants will be required to respond to the complaint.

Although plaintiff has specifically identified Stella, Stein, Dolcini, Wheeler, and Barajas as defendants, he does not make any claims against them and also indicates that he does not want to include them as defendants. Plaintiff will therefore be given the opportunity to clarify his intentions by either (1) filing an amended complaint that attempts to state claims against these defendants, or (2) expressly dismissing them from this action.

Plaintiff may proceed forthwith to serve defendants Ortega, Valine, Assad, Thorell, Mendoza, Avila, Lopez, Calderon, and Williamson on his excessive force and failure to protect claims, voluntarily dismissing other named defendants, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendants Ortega, Valine, Assad, Thorell, Mendoza, Avila, Lopez, Calderon, and Williamson without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of Stella, Stein, Dolcini, Wheeler, and Barajas.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the any prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV. Request for Counsel

Plaintiff has requested the appointment of counsel. ECF No. 9. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff has requested counsel on the ground that his mental health is not doing well. ECF No. 9. However, the mere claim that plaintiff suffers from mental health conditions is not enough to establish exceptional circumstances warranting appointment of counsel and the motion will be denied. If plaintiff chooses to file another motion for appointment of counsel, he should identify what conditions he suffers from, explain how his conditions prevent him from proceeding without assistance, and provide medical documentation supporting his claimed impairments.

V. Request for Discovery

Plaintiff has filed a motion for discovery. ECF No. 13. Because defendants have yet to be served, plaintiff's motion for discovery is premature. Once defendants have been served and answered the complaint, a discovery and scheduling order will issue, opening the period for discovery. Once discovery is open, plaintiff may request discovery from defendants.

VI. Motion for Temporary Restraining Order

Plaintiff has also requested a temporary restraining order to prevent retaliation. ECF No. 19. He alleges that he was written up on a fabricated rules violation by a non-party correctional officer and that defendant Mendoza works in the same building in which he is housed. Id.

Plaintiff does not seek to enjoin the conduct of any named defendants and makes only a conclusory assertion that the disciplinary write up he received was retaliatory. The fact that defendant Mendoza works in the building is not evidence that the write up was the result of defendants' conduct or the conduct of individuals working in concert with defendants. See Fed. R. Civ. P. 65(d)(2) (an injunction can bind non-parties only if they are acting "in active concert or participation" with a party); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation."). For these reasons, the motion for temporary restraining order must be denied. If plaintiff wishes to pursue a claim of retaliation against the officer who wrote him up, he is free to do so by filing a separate action against that officer.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

You have stated claims against Ortega, Valine, Assad, Thorell, Mendoza, Avila, Lopez, Calderon, and Williamson and they will be required to respond to the complaint. However, because you have not made any allegations against Stella, Stein, Dolcini, Wheeler, and Barajas and it is not clear if you are trying to dismiss them, you will be given an opportunity to amend the complaint to try and state claims against Stella, Stein, Dolcini, Wheeler, and Barajas if that is what you would like to do.

You have a choice to make. You may either (1) proceed immediately on your excessive force and failure to protect claims against Ortega, Valine, Assad, Thorell, Mendoza, Avila, Lopez, Calderon, and Williamson and voluntarily dismiss Stella, Stein, Dolcini, Wheeler, and Barajas or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against Stella, Stein, Dolcini, Wheeler, and Barajas. If you choose to file a second amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original or first amended complaint. **Any claims and information not in the second amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF No. 2, 8) are GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has not state any claims for relief against defendants Stella, Stein, Dolcini, Wheeler, and Barajas.

4. Plaintiff has the option to proceed immediately on his claims against defendants Ortega, Valine, Assad, Thorell, Mendoza, Avila, Lopez, Calderon, and Williamson, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint. If plaintiff does not return the form, the

7

court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against Stella, Stein, Dolcini, Wheeler, and Barajas.

     6. Plaintiff's motion for appointment of counsel (ECF No. 9) is DENIED.

     7. Plaintiff's motion for discovery (ECF No. 13) is DENIED.

     8. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 19) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2022

                        ALLISON CLAIRE
                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROYAL JEROME WILSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. ORTEGA, et al.,<br><br>　　　　　　Defendants. | No. 2:21-cv-0314 AC P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　　Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his claims against defendants Ortega, Valine, Assad, Thorell, Mendoza, Avila, Lopez, Calderon, and Williamson without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendants Stella, Stein, Dolcini, Wheeler, and Barajas pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_  Plaintiff wants to amend the complaint.


DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　————————————————
　　　　　　　　　　　　　　　　　　　　　　　　　Elroyal Jerome Wilson
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

　　　　　　　　　　　　　　　　　　　　1