UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROYAL JEROME WILSON,<br><br>Plaintiff,<br><br>v.<br><br>J. ORTEGA, et al.,<br><br>Defendants. | No. 2:21-cv-0314 KJM AC P<br><br><br><br>ORDER |

     Plaintiff, a state prisoner proceeding pro se, has filed a third request for the appointment of counsel. ECF No. 34.

     The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

     "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff once again requests counsel based on his mental health conditions and states that he does not know what more he needs to do since he already provided his medical records. ECF No. 34. However, as plaintiff has been previously advised, the claim that he suffers from mental health conditions, without more, is not enough to establish exceptional circumstances warranting appointment of counsel. The medical records plaintiff previously provided verify that he suffers from mental health conditions and has been prescribed various medication, see ECF No. 26 at 2-5, but they do not include information demonstrating that the conditions or medications prevent plaintiff from proceeding without assistance in this matter. If plaintiff chooses to file another motion for appointment of counsel, he should identify what conditions he suffers from, explain how his conditions prevent him from proceeding without assistance, and provide medical documentation that supports his claims regarding the effect his mental health conditions have on his ability to proceed without assistance.

Submitting additional documentation will not necessarily entitle plaintiff to the appointment of counsel. Many inmates (and non-incarcerated pro se parties) are able to adequately represent themselves despite mental health conditions. So far plaintiff has done so in this case. Counsel is only appointed where the court concludes that a case presents potentially meritorious issues that plaintiff is incapable of articulating on his own. See Palmer, 560 F.3d at 970.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 34) is DENIED.

DATED: May 24, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE